KING, Circuit Judge,
dissenting:
I respectfully dissent. We should grant the Government’s petition for a 'writ of mandamus.
The district court has effectively imposed an indefinite stay of this matter, halting proceedings until the Government agrees to pay for its adversary’s guardian ad litem.[1] It has refused to lift the stay in spite of the Government’s consistent position that it lacks the statutory authority to make such a payment. The district court cited no authority for the proposition that the Government can agree to pay for a guardian ad litem in this situation. Instead, the district court relied on the Government’s agreement to pay guardian ad litem fees in a separate case involving “forfeiture of real property in which ... *371 minors had legal interests.” But, as the Government pointed out below, there is a fund specifically allocated for such expenses in civil forfeiture cases. See 28 U.S.C. § 524(c)(1)(A) (establishing fund for “the payment ... of any ... necessary expense incident to the ... forfeiture ... of .:. property”). Neither the district court nor the majority has identified any provision allowing the Government to expend funds on guardian ad litem fees in nonforfeiture cases such as the one at hand. See 31 U.S.C. § 1341(a)(1)(A) (“An officer or employee of the United States Government ... may not ... make or authorize an expenditure or obligation exceeding an amount available in an appropriation or fund for the expenditure or obligation... ,”).[2]
We therefore have the authority to issue a writ of mandamus which, as the majority notes, is warranted where “petitioners challenge ... a stay, particularly of lengthy duration.” In re Ramu Carp., 903 F.2d 312, 317-18 (5th Cir.1990) (“[Djiscre-tionary stays ... will be reversed when they are immoderate or of an indefinite duration.” (internal citation and quotation marks omitted)). On the assumption that the court has the power to issue a writ, the majority nonetheless exercises its discretion to dény the petition. In so doing, the majority only invites the district court to prolong the current impasse. Based on my review of the record, I do not share the majority’s confidence that this impasse will be resolved absent our intervention. In the meantime, the Government represents that “[ljocal government entities have commenced various proceedings to collect delinquent taxes on the parcels of real property at issue” and “[i]f the taxes are not paid, such proceedings could culminate in a foreclosure sale of the properties.” Time is therefore of the essence. Accordingly, I would grant the Government’s petition and issue a writ of mandamus ordering the district court to lift the stay and appoint a guardian ad litem to represent D.M. — as the district court and the majority agree is necessary. For these reasons, I respectfully dissent.

. The district court purported to allow the Government to propose alternative solutions for compensating the ad litem. However, the court discarded the Government’s various proposals — for example, the appointment of an attorney from the Northern District of Texas’s Pro Bono Civil Panel or the appointment of a pro bono attorney from the Family Court Services of Tarrant County — without meaningfully explaining why the proposed solutions were inadequate. I cannot believe that in the Dallas-Fort Worth area there is no competent attorney willing to take on the representation either pro bono or with the possibility of being paid from the proceeds of sale of some of the property at issue.

. This issue is complicated further by the district court’s insistence that the guardian ad litem in this case function at least in part as. an attorney — by, for example, conducting "[l]egal research," and "filling] ... motions.” As the Government points out, "[e]xcept to the extent it has waived its immunity, the Government is immune from claims for attorney's fees.” Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983) (noting that such waivers "must be construed strictly in favor of the sovereign” (internal citation and quotation marks omitted)).